STATE OF WEST VIRGINIA

FILED

March 27, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 14-0389** (BOR Appeal No. 2048806)
                    (Claim No. 2012027039)

**TONYA PRICE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lowe's Home Centers, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tonya Price, by Reginald D. Henry, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 25, 2014, in which the Board affirmed a July 31, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 12, 2012, decision which denied Ms. Price's request for an anterior cervical discectomy. The Office of Judges also reversed the claims administrator's November 2, 2012, decision denying Ms. Price's request to add intervertebral disc disorder as a compensable condition. The Office of Judges ordered that intervertebral disc disorder be added as a compensable condition and granted authorization for an anterior cervical discectomy. Lowe's Home Centers, Inc., is appealing the compensability of intervertebral disc disorder and the authorization of an anterior cervical discectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Price is currently working for Lowe's Home Centers, Inc. On February 3, 2012, Ms. Price injured her shoulder, neck, and back when she walked into the deck of a mower while

1

walking down an aisle. The claim was initially held compensable for unspecified back sprain/strain. Bill Hennessey, M.D., performed an independent medical evaluation on July 17, 2012, and opined that Ms. Price had reached maximum medical improvement for the compensable conditions in this claim. Dr. Hennessey found no further medical treatment is recommended. An August 9, 2012, MRI revealed a cervical disc herniation. Both John H. Schmidt III, M.D., and Edward G. McCormick, D.C., evaluated Ms. Price and found the disc herniation was directly related to the original compensable injury. Dr. McCormick and Dr. Schmidt found the anterior cervical discectomy was medically and reasonably necessary and related to Ms. Price's injury of February 3, 2012. Ms. Price requested authorization for an anterior cervical discectomy and that intervertebral disc disorder be added as a compensable condition. On October 12, 2012, the claims administrator denied Ms. Price's request for an anterior cervical discectomy based on the October 6, 2012, report of Dr. Hennessey, and on November 2, 2012, the claims administrator also denied Ms. Price's request to add intervertebral disc disorder as a compensable condition based on the independent medical evaluation of Dr. Hennessey. Ms. Price underwent an anterior cervical discectomy with fusion at the C5/6 level of the cervical spine on November 6, 2012.

The Office of Judges reversed both of the claims administrator's decisions. It ordered that intervertebral disc disorder be added as a compensable condition and granted authorization for an anterior cervical discectomy. The Board of Review affirmed the Order of the Office of Judges. On appeal, Lowe's Home Centers, Inc., disagrees and asserts that Ms. Price was recovering from the compensable injury until the morning of August 1, 2012, and that something must have happened between the night of July 31, 2012, and the morning of August 1, 2012, that caused the symptoms. Lowe's Home Centers, Inc., further asserts that Ms. Price had a similar event in 2007 where no other precipitating event occurred other than her sleeping and therefore she has repeatedly and seriously injured her neck while sleeping. Ms. Price maintains that an August 9, 2012, MRI revealed a cervical herniation and that both Dr. Schmidt and Dr. McCormick related the disc herniation to the original compensable injury.

On the issue of whether to add intervertebral disc disorder as a compensable condition, the Office of Judges found Lowe's Home Centers' argument that some event occurred between the night of July 31, 2012, and the morning of August 1, 2012, which exacerbated the symptoms is not persuasive. The Office of Judges concluded that Lowe's Home Centers' argument is speculative and is based on no evidence. It found that the fact that Ms. Price seemed to be improving for several months before the exacerbation in August of 2012 is not enough on its own to compel a finding that the exacerbation is related to some non-compensable event. The Office of Judges concluded that Lowe's Home Centers' argument that Ms. Price's condition is pre-existing because she suffered a similar episode of neck pain in 2007 is not sufficient to support a finding that her C5/6 disc herniation pre-existed the compensable injury. The Office of Judges based this decision first and mainly on the fact that an MRI of the cervical spine performed in 2007 after the neck complaints failed to show evidence of a disc herniation at the C5/6 level. Futhermore, the Office of Judges determined that the evidence of record did not show Ms. Price had any neck symptoms from 2007 until the compensable injury in this claim.

The Office of Judges stated that the evidence clearly showed Ms. Price injured her cervical spine on February 3, 2012, and that she was diagnosed with a left-sided herniated disc at

the C5/6 level six months after the injury. Futhermore, Ms. Price's treating chiropractor, Dr. McCormick, and treating neurosurgeon, Dr. Schmidt, both opined that her cervical disc herniation is directly related to the compensable injury. The Office of Judges found that there is no reasonable explanation for Ms. Price's C5/6 herniated disc other than the compensable injury. Therefore based on all the evidence in record, the Office of Judges concluded that Ms. Price has shown by a preponderance of the evidence that the diagnosis of intervertebral disc disorder should be added as a compensable condition. The Board of Review agreed with the Office of Judges.

On the issue of whether to grant authorization for an anterior cervical discectomy, Dr. Schmidt requested the surgery for treatment of Ms. Price's C5/6 cervical disc herniation. Dr. Schmidt and Dr. McCormick both found this surgery was reasonably required for treatment of the disc herniation. Therefore, the Office of Judges found the preponderance of the evidence showed that an anterior cervical discectomy was reasonably required for treatment of the disc herniation and granted authorization for the surgery. The Board of Review agreed with the Office of Judges.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Schmidt and Dr. McCormick found the herniated disc is directly related to the compensable injury, and no evidence was submitted that showed the injury is related to a non-compensable event. There is sufficient evidence in the record to support the diagnosis of intervertebral disc disorder as a compensable condition. There is also sufficient evidence to support a finding that the anterior cervical discectomy was reasonably required for treatment of the disc herniation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II